STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
COUNTY OF WAKE  SUPERIOR COURT DIVISION

LORETTA STANTON, )
       )
  Plaintiff, )
       )
vs. )  **COMPLAINT**
       )
TARGET CORPORATION, )
       )
       )
       )
  Defendant. )

FILED 2021 MAR 15 A 11:53 WAKE CO., C.S.C. BY _____

NOW COMES the Plaintiff, by and through counsel, and complaining of the Defendants, alleges and says as follows:

1. Plaintiff is a resident of Wake County, North Carolina.

2. That the Defendant is a foreign business corporation duly organized and existing under the laws of the State of Minnesota with a principal office address of 1000 Nicollet Mall, TPS 2672, Minneapolis, MN, 55403.

3. As of and prior to March 29, 2018, Defendant owned and operated a retail store known as Target, and its premises, located at 1201 Beaver Creek Commons Dr., Apex, NC 27502, upon information and belief identified as store #1932, and was doing business in Wake County, North Carolina.

4. Defendant owed a duty to Plaintiff and others upon the premises to maintain it in a reasonably safe condition.

5. As of and prior to March 29, 2018, outside and to left of and facing the entrance to the store, there was a section of asphalt surface, within the yellow-striped area identified as the "FIRE LANE", abutting the sloped cement walkway in front of the store, which was broken, missing and created a hole/depression.

6. The aforesaid described area of asphalt surface was a dangerous, hazardous and unsafe condition.

7. On March 29, 2018, Plaintiff was upon the premises of Defendant's store, traversing the area in front of the store, when she was caused to trip upon the aforesaid described area of asphalt abutting the sloped cement walkway and fall to the ground, sustaining injuries.

8. That as a direct, proximate and foreseeable result of the above-described fall and Defendant's negligence, Plaintiff sustained general damages including pain and suffering, and she is informed, believes and therefore alleges her injuries are of a permanent nature and she may continue to undergo great physical pain and mental anguish for the rest of her life.

**EXHIBIT B**

9. That Plaintiff's injuries and damages were directly and proximately caused by the careless, negligent and unlawful conduct of the Defendant, whose acts and omissions of negligence consisted of the following:

   a. Allowing a dangerous, hazardous and unsafe condition to exist on its premises when it had actual or constructive knowledge thereof and knew, or in the exercise of reasonable care should have known, that such condition would cause, or was likely to cause, injury;

   b. Failing to inspect the area for such dangerous, hazardous and unsafe condition when it knew, or in the exercise of reasonable care should have known, an inspection would have revealed the condition and would have prevented injury to the public at large, including the Plaintiff;

   c. Failing to correct or remedy the dangerous, hazardous and unsafe condition when they knew, or in the exercise of reasonable care should have known, proper administration, management, maintenance, supervision, inspection and/or repair the condition of which they had either actual or constructive knowledge, would have prevented injury to the public at large, including the Plaintiff;

   d. Failing to warn the public at large, including the Plaintiff, of the dangerous, hazardous and unsafe when they had either actual or constructive knowledge of its presence, and either knew, or in the exercise of reasonable care should have known, failing to warn the public, including the Plaintiff, would result in or likely to result in injury;

   e. Failing to keep and maintain its premises in a reasonably safe condition;

   f. Violating applicable codes, ordinances and statutes; and

   g. Defendant was otherwise careless and negligent.

10. The negligence of any of Defendant's agents and/or employees is imputed to Defendant by virtue of and through the doctrine of respondeat superior.

11. As a direct and proximate result of the aforesaid negligence of the Defendant, including any such acts and omissions of its agents and/or employees, the Plaintiff has sustained injuries and damages to her person in a sum in excess of Twenty-five Thousand and 00/100 Dollars (> $25,000.00) and the jurisdiction of all lower courts.

WHEREFORE, the Plaintiff prays to the Court as follows:

1. That she have and recover of the Defendant a sum in excess of Twenty-five Thousand and 00/100 Dollars (> $25,000.00) and the jurisdiction of all lower courts for his injuries and damages;
2. That the costs of this action, including a reasonable attorneys fees be taxed against the Defendant; and
3. For such other and further relief as to the Court may seem just and proper.

This the 5th day of March, 2021.

Justin L. Lowenberger, Esq.
Attorney for Plaintiff
Bar #36324
**TED A. GREVE & ASSOCIATES, P.A.**
1201 North Tryon Street
Charlotte, NC 28206
(704) 804-7114
(704) 804-7154 (f)
justinlowenberger@mydrted.com